# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2005

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Billy S. Holbert, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 7, 1998
Filed:  December 11, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Billy S. Holbert appeals his conviction and sentence after a jury found him guilty of distributing cocaine base, in violation of 21 U.S.C. § 841(a).  The district court[1] sentenced Holbert to 92 months imprisonment and three years supervised release.  For reversal, Holbert argues the district court abused its discretion by denying his motion for a mistrial, and by granting the government's motion for an upward departure under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997).  We affirm.

_____

[1]The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas.

The evidence at trial established that a federal law enforcement official and a confidential informant met Holbert at approximately 4:30 p.m. on April 23, 1997, and Holbert gave the law enforcement official 2.9 grams of cocaine base in exchange for $430. As relevant to Holbert's motion for a mistrial, Holbert offered testimony in support of his alibi defense that he had been at his sister's house celebrating her birthday from noon until approximately 6:00 p.m. on April 23. The government then presented a rebuttal witness, who testified that Holbert had been at home around 5:00 or 5:30 p.m. on April 23, and that she remembered the date because Holbert had been very drunk and had tried to sell her to another man. This testimony occurred even though the district court had previously ruled during a bench conference that the rebuttal witness could testify for the limited purpose of showing that Holbert was at his home at 5:00 on the date in question, having sustained Holbert's relevancy objection to the testimony concerning his alleged attempt to sell the witness for drugs. Holbert timely objected, and the court instructed the jury to disregard the rebuttal witness's last statement, but denied Holbert's subsequent motion for a mistrial. In light of the strength of the evidence against Holbert, we conclude the district court did not abuse its discretion. See United States v. Rounsavall, 115 F.3d 561, 565 (8th Cir.) (standard of review), cert. denied, 118 S. Ct. 256 (1997). Any prejudice occasioned by the errant testimony was not such that it could not be cured by the district court's limiting instruction. See United States v. Farmer, 73 F.3d 836, 844 (8th Cir.) (noting presumption that jury follows admonitions), cert. denied, 518 U.S. 1028 (1996).

We also conclude the district court did not abuse its discretion in granting the government's motion to depart upward from the Guidelines sentencing range based on its finding that Holbert's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. See U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997) (adequacy of criminal history category); United States v. Washington, 109 F.3d 459, 462 (8th Cir. 1997) (standard of review).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.